JENNIE LIEBMAN, Respondent, v. THE CITY OF NEW YORK and Others, Appellants.— Judgment modified by reducing plaintiff's rental damage from $147 to the sum of $96.30, and as thus modified unanimously affirmed, without costs of this appeal. No opinion. Present — Jenks, P. J., Thomas, Mills, Putnam and Kelly, JJ.

THOMAS F. LUND, Individually and as Trustee, etc., Respondent, v. EPHRAIM JOHNSON, as Executor, etc., Appellant, and Another, Defendant.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Rich Putnam and Kelly, JJ., concurred.

FLORENCE A. MCCABE, Appellant, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Respondent, and Another, Defendant.— Judgment and order of the County Court of Kings county unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ.

WILLIAM MILLER, Respondent, v. WESTCHESTER ELECTRIC RAILROAD COMPANY, Appellant.— Judgment and order of the County Court of Westchester county unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ.

MULVEY REALTY COMPANY, Respondent, v. NEW YORK, WESTCHESTER AND BOSTON RAILWAY COMPANY and Another, Appellants.— Judgment amended by deducting from the sum payable in avoidance of the injunction the sum of $480.53 the rental damage from September 27, 1911, to September 29, 1916, and for a personal judgment against the defendant railway company for that amount, as well as the amount already adjudged against it; and as so modified unanimously affirmed, without costs. Present — Jenks, P. J., Thomas, Mills, Putnam and Kelly, JJ.

JOHN NELSON, Respondent, v. McMULLEN, SNARE & TRIEST, INC., Appellant.— Plaintiff's proofs did not show the source of the concrete blocks which upset the coal cart that he was driving. These obstructions had been in this Lexington avenue roadway about an hour. But it was shown that no carts left defendant's shaft at One Hundred and Twentieth street on the day of this accident. Although carts carried material from the One Hundred and Twenty-third street shaft, it did not appear that they drove along this block between One Hundred and Eighteenth street and One Hundred and Nineteenth street, where these blocks were lying. Plaintiff's case, therefore, did not connect defendant with the cause of his injury. (*Baulec* v. *New York & Harlem R. R. Co.*, 59 N. Y. 356; *Travell* v. *Bannerman*, 174 id. 47, 52; *Idel* v. *Mitchell*, 158 id. 134, 138; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 id. 90; *Francis* v. *Gaffey*, 211 id. 47.) The judgment and order are, therefore, reversed, and a new trial granted, costs to abide the event. Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ., concurred.